UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EXTRUSION MACHINERY AND EQUIPMENT, INC., | ) ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | No. 2:16-mc-0001-WTL-DKL |
| vs. | ) ) ) | |
| AMERIFORM ACQUISITION COMPANY, LLC, | ) ) ) ) | |
| Defendant/Counter-Plaintiff, | ) ) | |
| vs. | ) ) | |
| PLASTICS MACHINERY GROUP, INC., *et al.*, | ) ) | |

*Entry and Order on Motion to Compel UWay Extrusion LLC to Produce Documents in Response to a Subpoena* [doc. 1]

Ameriform Acquisition Company, LLC ("Ameriform") moves to compel UWay Extrusion LLC ("UWay") to produce documents in response to a subpoena. UWay opposes the motion. The motion was referred to the undersigned for ruling.

UWay is an Indiana limited liability company with a "current principal office address" listed on the Indiana Business Entity Report filed with the Indiana Secretary of State of "UWay Extrusion LLC, 48 N Parke Ave, PO Box 92, Marshall, IN 47859." [Docs. 3-4, 3-5.] UWay's registered agent and registered address are "ADPLAS Enterprises LLC, 48 N Parke Ave, PO Box 92, Marshall, IN 47859-0092, USA." [*Id.*] *See*

https://bsd.sos.in.gov/publicbusinesssearch/businessinformation?businessId=955098. (last visited May 6, 2016.)

On February 9, 2016, Ameriform delivered by certified mail, return receipt requested, a subpoena duces tecum to UWay at its registered address. [*See* docs. 3-2, 3-3.] The subpoena commanded UWay to produce by February 24, 2016, documents and communications at the office of Krieg DeVault LLP, 12800 North Meridian Street, Suite 300, Carmel, Indiana 46032. [*Id.*] On February 20, 2016, Jacqueline Kremer signed the receipt, confirming delivery of the subpoena. [Doc. 3-3.]

UWay failed to respond to the subpoena. As a result, Ameriform filed its motion to compel. UWay asks the Court to deny the motion, or transfer it to the United States District Court for the Northern District of Ohio, Eastern Division, which was the court that issued the subpoena. UWay argues that the motion should be denied because it has never been served with the subpoena.

Federal Rule of Civil Procedure 45 governs the use of subpoenas. The rule provides that "[s]erving a subpoena requires delivering a copy to the named person …." Fed. R. Civ. P. 45(b)(1). (The rule does not make a distinction between individuals, corporations, or other entities.) UWay argues that mailing an envelope by certified mail "addressed to UWay Enterprises" containing a subpoena directing UWay to produce documents "does not constitute service under Rule 45(b)." [*Brief of UWay Extrusion*, doc. 9 at 3.] However, in the Seventh Circuit personal service is not required; service by certified mail through the United States Postal Service is proper under Rule 45. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012).

Although the return receipt shows the addressee as "UWay Enterprises LLC" rather than "UWay Extrusion LLC," this error does not render service improper. Service was made at UWay's current principal office address and registered address on file with the Indiana Secretary of State. The Secretary of State has no record of a business entity named "UWay Enterprises LLC" at the "48 N Parke Ave, PO Box 92" address, or at any other address; and the only "UWay" at the "48 N Parke Ave, PO Box 92" address is "UWay Extrusion LLC." *See* https://bsd.sos.in.gov/publicbusinesssearch (last visited May 6, 2016). In addition, UWay's registered agent, "Adplas Enterprises LLC" has the very same registered address as UWay, and Adplas names "Dustin Wayne Kremer" as its registered agent." *See id.*

UWay asserts that Jacqueline Kremer is not an officer or manager of UWay and lacks authority to accept service on its behalf. However, it seems that she has sufficient authority to accept service on UWay's behalf. The affidavit of Dustin Kremer (the sole member of Adplas, of which UWay is a wholly owned subsidiary) states that Ms. Kremer "serves as" UWay's accountant; Mr. Kremer relies on her "to keep the company in compliance with state and federal employment filings," and she is responsible for handling UWay's "bank statements, tax notices, customs forms, invoices and other financial information." [Dustin Kremer Aff., doc. 9-2, at 2.] Furthermore, Ms. Kremer is identified as the person to whom inquiries regarding UWay's operating agreement, bylaws, and other charter documents should be made. [Doc. 9-2.] Ms. Kremer is not some low-level employee but rather a person with responsibility regarding UWay's

affairs. Therefore, the Court finds that delivery of the subpoena by USPS certified mail on UWay at its registered agent's address was sufficient service under Rule 45(b).

Because the subpoena did not require any person's attendance, no fees or mileage were required. *See* Fed. R. Civ. P. 45(b)(1). By failing to raise its objections to the subpoena in a timely manner, *see* Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."), UWay has waived all objections to production as commanded by the subpoena. *See, e.g.*, *Edlin v. Garner Family Enterp., Inc.*, No. 1:11-CV-01300-SEB, 2012 WL 364088, at *1 (S.D. Ind. Feb. 1, 2012) (denying motion to quash subpoena as untimely).

Compliance with the subpoena is required in this district. Thus, the motion for an order compelling nonparty Uway to respond to the subpoena was properly brought in this Court. *See* Fed. R. Civ. P. 45(g). Rule 45 permits the court where compliance is required to "transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). In the event that the Court does not deny the motion to compel, UWay consents to transfer to the issuing court. However, UWay's consent does not require transfer, and the Court sees no reason to transfer here given that the resolution of the motion to compel is not dependent on familiarity with the issues being litigated in the issuing court. Nor would resolution of the motion appear to impinge on the issuing court's management of the underlying litigation. *See* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

*Conclusion*

For the foregoing reasons, the Court **GRANTS** *Ameriform Acquisition Company's Motion to Compel* [doc. 1] and **ORDERS** UWay Extrusion LLC to produce with 14 days of this Order the documents, electronically stored information, or objects, and to permit inspection, copying, testing, sampling of the material identified in the exhibit attached to the subpoena [*see* doc. 3-2 at pages 6-8] at Krieg DeVault LLP to the attention of Mark J. Merkle, 12800 North Meridian Street, Ste. 300, Carmel, Indiana 46032.

**SO ORDERED**:  05/11/2016

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record